By the Court.—Sedgwick, Ch. J.
The complaint averred that the plaintiff was a corporation of this state engaged in the business of banking ; that the defendant was a religious corporation of this state ; that between May 1, 1885, and about the month of March, 1887, the defendant was a depositor with the plaintiff, and as such kept an account with plaintiff, in which deposits of defendant were entered and credits given for the proceeds of the discounting of drafts procured from plaintiff by defendant and against which checks were drawn ; that the business was so done, that on or about March 31, 1887, the defendant had drawn or been paid by plaintiff, the sum of $3,428.25, over and above all deposits made *151 by, or money received from, defendant; and on said day last mentioned, there was, by reason of the premises, due and owing the plaintiff by the defendant, the said sum of $3,428.25.
That on or about November 1, 1886, the plaintiff received from defendant a certain promissory note, dated November 1, 1886, made by the Tribune & Farmer Co., Limited, to the order of E. Duncan Sniffen, for the sum of $3,500 at four months from its date ; that said note, when so received by plaintiff, was duly endorsed by the said payee thereof, and by defendant, and was received by plaintiff as collateral security for credits, loans and advances, or some of them, made as aforesaid to defendant ; that plaintiff held such note until its maturity, when it was duly presented for payment and payment demanded, but no part of the same was paid, of all of which defendant was duly notified.
The answer put in issue the material allegations of the complaint.
The testimony showed that E. Duncan Sniffen, was, at the times in question, the treasurer of the trustees of the defendant. The defendant was a religious corporation. ' Sniffen, as treasurer, was entrusted and entitled to the custody of the moneys and funds of the defendant. In May, 1885, he requested plaintiff to be allowed to open a deposit account as such treasurer, and he then represented that he was such treasurer “ and that the account was and would be that of defendant.” At the time another trustee of defendant was present. Thenceforward deposits were made and checks drawn in the usual manner. The most of the checks were to persons to whom the defendant was indebted for rent, for music, printing, repairs, heating and lighting the church building, pastor’s salary and the purchase price of the church land and building. Six of these persons were acting trustees of the defendant. *152 While the account was running, two notes of third parties, one of them payable to and endorsed by the pastor of the church, and who was a trustee, was discounted by the bank at the request of E. Duncan Sniffen, as treasurer, and the proceeds credited to the defendant. The referee found that these notes were made for the benefit of the defendant, and that their proceeds went to its use and benefit. They were paid at maturity.
About November 1, 1886, Sniffen presented for discount the note mentioned in the complaint. The plaintiff discounted it and Sniffen endorsed it as treasurer, and thereupon the proceeds were credited to the account of E. Duncan Sniffen, treasurer.
Before this note fell due, the account had been drawn upon, so that there was a remaining credit of $128.34. •
I here observe upon these facts, that the so-called discount was a purchase of the note by the bank, from E. Duncan Sniffen, Treasurer, and that the purchase price became absolutely and unconditionally the money of the seller, and that no cause of action can be founded upon the drawing out of the money or its appropriation by the seller. So that if it be assumed that the defendant was the real and principal party, yet its obligation would be solely upon its being an endorser of the note. The action was not, and on the trial was not assumed to be, against the defendant as endorser.
Afterwards, a.small check on the account was paid, leaving a balance of $51.51. Before this Sniffen had ceased to be treasurer, and David Greer, as trustee, became treasurer. He drew a check, as treasurer, for the balance, which was paid by the plaintiff.
Afterwards the note of $3,500, at its maturity, was presented for payment but remains unpaid. The plaintiff produced the note before the referee, and *153 offered to deliver it to the defendant, upon payment by the defendant of the present claim.
I have said that, in my opinion, the only action the plaintiff could have would be upon the endorsement. If the note was sold, without the endorsement of the seller, the buyer would have no recourse to the seller, in a case like the present.
The learned counsel for the plaintiff argues that there is liability because the account in the name of E. Duncan Sniffen was, as he argues, the account of the defendant. I do not think the position to be correct. Sniffen was treasurer and entitled to custody of the defendant’s funds and entitled for his and its protection to deposit those funds in a bank." He had the right, with which it could not interfere, to identify those funds by any title he might assume, which was appropriate. If the title “ Treasurer ” had a specific indication, it was that he acted not as the corporation who appointed him, but as an individual who was an officer.
But of this designation of the account, there was no proof that it was made by the corporate knowledge or direction of the defendant. There was no prior authority, and ratification to exist must be made by the same being who had capacity to give prior authority. If one or several trustees or officers of a corporation, cannot without corporate authority do an act or bestow authority to act for the corporation so that the corporation will be bound, People’s Bank v. St. Anthony’s R. C. C., 109 N. Y. 502, they cannot as individuals ratify an unauthorized act.
Nor does the fact that the creditors of the defendant were paid by checks of Sniffen, as treasurer, upon this account, make it the account of the defendant. The inference from such transaction would be that the defendant assented to Sniffen paying out of his account, money for defendant, because *154 it was his duty to pay out money on the request of the defendant to the extent that moneys of the defendant had been deposited in the bank to that account, and though equitably to the extent of such moneys, the deposit might be made a fund, belonging to the defendant, that did not destroy the legal relations between the bank and the depositor, so long as the equitable right was not asserted. This equitable right would not allow the defendant to. draw checks upon the account which the plaintiff would be bound to pay.
I am of opinion that the judgment should be .affirmed with costs.
'Freedman, and Truax, JJ., concurred.